IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>    Plaintiff,<br>v.<br><br>LIEN PHUONG D. NGUYEN, individually and d/b/a YEN NHI RESTAURANT,<br><br>    Defendant. | Case no. 10-CV-05722-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: Docket Nos. 15 & 16] |

Presently before the Court is Defendant Lien Nguyen's Motion to Set Aside Default. The Court finds it appropriate to take up the motion without argument. For the reasons set forth below, Nguyen's motion will be granted, and Plaintiff's pending motion for default judgment will therefore be denied as moot.

**I. BACKGROUND**

Plaintiff G&G Closed Circuit Events, LLC filed its complaint in the above-captioned matter on December 15, 2010. The Complaint claims that Defendant Lien Nguyen violated 47 U.S.C. §§ 553 and 605 by screening a pay-per-view mixed martial arts fight without a license on December 19, 2009 at her restaurant. The complaint was filed four days before the statute of limitations would have expired on G&G's federal claims. See DirecTV, Inc. v. Webb, 545 F.3d 837, 848–52 (9th Cir. 2008); J&J Sports Productions, Inc. v. Mendoza-Govan, 2011 WL 1544886 (N.D. Cal.). Five days before the end of the 120-day period allowed by Federal Rule of Civil Procedure 4(m), Plaintiff's

process server served a copy of the Complaint and Summons upon Defendant's mother at Defendant's residence. According to Nguyen, her mother, who speaks no English and did not understand the importance of the documents, forgot to pass the papers along. Plaintiff requested the clerk enter default, and a notice of entry of default issued on May 18, 2011. Fifteen days later, upon receiving the notice from the Court in the mail, Defendant moved to set aside the entry of default. Plaintiff opposes that motion and moves for default judgment.

Since those opposing motions were filed, the Court has held two case management conferences in this matter. Defendant, representing herself, attended both. Plaintiff's attorney both times sent a representative to specially appear on his behalf. Defendant represented to the Court that in the time between the conferences, she attempted to contact Plaintiff through its attorney but received no response.

**II. LEGAL STANDARDS AND ANALYSIS**

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party demonstrates "good cause." Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1985).

Three factors must be considered in the "good cause" analysis: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [they] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party." Icho v. Hammer, 2011 WL 1979163 (9th Cir. May 23, 2011).[1] The three factors are taken in order.

Defendant alleges under penalty of perjury that the reason she did not respond to the Complaint was her mother's failure to recognize its importance and to give it to her. If true, the Defendant engaged in no conduct whatsoever that led to the default, much less any "culpable" conduct. The Defendant's credibility is bolstered by her prompt attempt to correct her default.

Defendant's reply brief and her representations to the Court at the July 8, 2011 case

---

[1] Actually, the Icho case concerned the good cause required to set aside a default judgment rather than the lesser showing required to set aside a mere entry of default.

management conference suggest that she did pay DirecTV for the right to show the fight. This suggests she may well have a meritorious defense to the causes of action raised against her. While these defenses perhaps would have been better raised in her Motion to Set Aside Default rather than in her reply brief and at the conference, her status as a pro se litigant combined with the Court's broad discretion in deciding whether to set aside entry of default excuse that deficiency.

Finally, Plaintiff's dalliance in bringing this action until just before the expiration of the statute of limitations, its delay in effecting service until just before the Rule 4(m) deadline, and its nonresponsiveness to Defendant's communications belie its contention that it will suffer substantial prejudice from the three-month delay that comes about as a result of the default being set aside.[2] But for Plaintiff's own delay, this case could have reached this stage more than one year ago.[3] The Court does not find credible the Plaintiff's contentions that further delay will result in the loss of evidence, and sees no likelihood in this case of any "fraud or collusion." (Pl.'s Opp'n to Def.'s Mot. to Set Aside Default at 6.)

**III. ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Default is GRANTED, and Plaintiff's Motion for Default Judgment is therefore DENIED AS MOOT. On or before August 8, 2011, Defendant shall file her answer to Plaintiff's Complaint pursuant to Fed. R. Civ. P. 7, 8, 10, 11, and 12.

Dated: July 18, 2011

EDWARD J. DAVILA
United States District Judge

---

[2] The Court acknowledges the delay would have been about two months longer had this motion been argued at its originally scheduled hearing date rather than taken under submission on the papers.

[3] G&G's investigator prepared its affidavit on Dec. 21, 2009. (Decl. of Affiant attached to Mot. for Default J.) Had G&G, for example, filed its complaint two months after its investigator prepared the affidavit and then served that complaint two months after that, it could have requested entry of default in May 2010 instead of May 2011.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Thomas Peter Riley TPRLAW@att.net

Lien Phuong D. Nguyen
1379 Kinsule Court #1
San Jose, CA 95121

**Dated: July 18, 2011**          **Richard W. Wieking, Clerk**

                                   **By:   /s/ EJD Chambers**
                                   **Elizabeth Garcia**
                                   **Courtroom Deputy**