1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| G & G CLOSED CIRCUIT EVENT, LLC, | ) | Case No.: 5:10-CV-05722 EJD |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **RECONSIDERATION, GRANTING** |
| v. | ) | **MOTION TO SET ASIDE DEFAULT,** |
| | ) | **AND DENYING MOTION FOR** |
| LIEN PHUONG D. NGUYEN, | ) | **DEFAULT JUDGMENT.** |
| | ) | |
| Defendant. | ) | **(Re: Docket Nos. 28, 29, 40)** |
| | ) | |
| | ) | |

Pending before the court is Defendant Lien Phuong D. Nguyen's ("Nguyen") motion for reconsideration of the court's oral ruling denying Nguyen's motion to set aside the default. For the reasons discussed below, Nguyen's motion for reconsideration is GRANTED. Upon reconsideration, Nguyen's prior motion to set aside the default is GRANTED and G&G's motion for default judgment is DENIED.

## I. BACKGROUND

The Complaint in this action as filed on December 15, 2010. On April 25, 2011, a proof of service was filed indicated that Nguyen was served by substitute service on April 9, 2011. ECF No. 10. On May 16, 2011, Plaintiff G&G Closed Circuit Events, LLC ("G&G") moved for entry of default. Default was entered on May 18, 2011. On June 2, 2011, Nguyen moved to set aside the default. Nguyen's motion explained that the Complaint and Summons had been served upon her

1

United States District Court
For the Northern District of California

1    mother.  Nguyen's mother, who speaks no English and did not understand the importance of the

2    documents, forgot to pass the papers along.

3         On June 10, 2011, the G&G moved for default judgment. ECF No. 15. On July 15, 2011,

4    the court heard oral argument on these motions. On July 18, 2011, the court issued an order

5    granting Nguyen's motion to set aside the default and denying G&G's motion for default

6    judgment. ECF No. 23.  The court ordered that "[o]n or before August 8, 2011, Defendant shall file

7    her answer to G&G's Complaint pursuant to Fed. R. Civ. P. 7, 8, 10, 11, and 12." Id. at 3:18-19.

8         On August 17, 2011, G&G again moved for entry of default.  Default was entered for the

9    second time on August 22, 2011. On September 7, 2011, G&G again filed a motion for default

10   judgment, and Nguyen again filed a motion to set aside the default. [1] The court heard oral argument

11   on the motions on September 23, 2011. At the hearing, the court issued an oral ruling denying

12   Nguyen's motion to set aside the default.[2]

13        On November 30, 2011, the court referred Nguyen to the Federal Pro Bono Pro

14   Project/FLASH, appointed pro bono counsel for Nguyen, and stayed all the proceedings for four

15   weeks. On December 13, 2011, Nguyen filed her Answer.

16        On January 3, 2012, the court found that a material difference in law regarding the

17   meritorious nature of Nguyen's defense exists from that which was presented to the court before its

18   oral ruling. The court therefore *sua sponte* granted Nguyen leave to file a motion for

19   reconsideration of the court's oral ruling. On January 19, 2012, Nguyen filed a motion for

20   reconsideration, which G&G opposes.[3]

---

[1] The briefing schedule for both the motion for default judgment (ECF No. 28) and the motion to set aside default (ECF No. 29) required any reply briefs to be submitted by September 28, 2011, five days after the hearing date. On September 27, 2011, Plaintiff filed a reply brief in support of the motion for default judgment. ECF No. 35. Defendant did not file a reply brief in support of the motion to set aside default.

[2] This ruling was not recorded in the court's minute entry.

[3] On March 6, 2012, G&G filed a motion for leave to file a Supplemental Memorandum of Points and Authorities in support of its opposition to the motion for reconsideration. ECF No. 43This motion is GRANTED.

Case No.: 5:10-CV-05722 EJD
ORDER GRANTING MOTION FOR RECONSIDERATION, GRANTING MOTION TO SET
ASIDE DEFAULT, AND DENYING MOTION FOR DEFAULT JUDGMENT

1

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default for good cause. The Ninth Circuit utilizes a three-factor test to determine whether good cause exists. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) ("good cause" determination requires consideration of three factors: (1) whether defendant engaged in culpable conduct; (2) whether defendant has no meritorious defense; or (3) whether opposing party will suffer prejudice). Pursuant to Mesle, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id. As the party seeking relief from the entry of default, Defendant here bears the burden of showing that the three Mesle factors favor such relief. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).

### A.  Culpable Conduct

With respect to the first Mesle factor, the court concludes that Nguyen has shown that she did not engage in culpable conduct. A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Mesle, 615 F.3d at 1092 (culpability requires the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process'") (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001)).

Here, Nguyen's motion to set aside the default asserts that she did not receive the court's order setting the deadline for her to answer because her mother mislaid the envelope in a pile of papers, and she promptly submitted this motion upon discovering the order. ECF No. 29 at 3-4. At oral argument, however, Nguyen stated that the explanation given in her brief was not the reason she did not file an answer. Rather, Nguyen explained that, despite the court's prior instructions, she did not file an answer because she understood that it was sufficient to have spoken with G&G's counsel. Nguyen's explanation that she believed she was actively defending her case, despite

Case No.: 5:10-CV-05722 EJD
ORDER GRANTING MOTION FOR RECONSIDERATION, GRANTING MOTION TO SET
ASIDE DEFAULT, AND DENYING MOTION FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

having failed to file an answer, is further supported by Nguyen's appearance at the August 26, 2011 case management conference.

Nguyen has provided an explanation for her neglect to file an answer that is "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>Mesle</u>, 615 F.3d at 1092 (citing <u>TCI Group Life Ins. Plan</u> 244 F.3d at 698). Therefore, Nguyen has not engaged in culpable conduct under <u>Mesle</u>.

## B. Meritorious Defense

To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." <u>See id.</u> at 1094. However, the burden to show a meritorious defense in support of a motion to set aside "is not extraordinarily heavy." <u>Id</u>. Defendant need only "allege sufficient facts that, if true, would constitute a defense . . . ." <u>Id</u>. Furthermore, the meritorious defense requirement is also more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. <u>See id.</u> at 1091 n. 1.

Nguyen's motion to set aside the default does not identify her defense.  Based on her representations during the hearing and her declaration submitted in support of her motion for reconsideration (ECF No. 40-2), Nguyen's defense is that she paid DirecTV to show the fight using a commercial address, and DirecTV made an error by selling her a residential license rather than a commercial license. G&G argues that is not a defense because 47 U.S.C. §§ 605 and 553 and conversion are strict liability offenses. G&G, however, has not cited in its opposition or in its Supplemental Memorandum of Points and Authorities any precedent binding on this court for the proposition that §§ 605 and 553 are strict liability defenses. District Courts have reached conflicting conclusions regarding whether strict liability applies to good faith purchases. <u>Compare J & J Sports Prods. Inc. v. Gidha</u>, No. CIV-S-10-2509 KJM-KJN, 2011 WL 3439205, at *3 (E.D. Cal. Aug. 4, 2011) (finding defendants could have a meritorious defense where it purchased cable provider improperly billed them for the residential rate instead of the commercial rate), <u>and J & J Productions, Inc. v. Schmalz</u>, 745 F.Supp.2d 844, 851 (S.D. Oh. 2010) (holding defendant was not

Case No.: 5:10-CV-05722 EJD
ORDER GRANTING MOTION FOR RECONSIDERATION, GRANTING MOTION TO SET ASIDE DEFAULT, AND DENYING MOTION FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

1  liable under § 553 where it purchased program from cable provider on commercial account), and J

2  & J Sports Productions, Inc. v. Live Oak County Post No. 6119, 2009 WL 483157, at*5–6 (S.D.

3  Tex. Feb. 24, 2009) (denying summary judgment motion where good faith purchase of program

4  required analysis of whether it constituted theft under § 605 and § 553) with J & J Sports

5  Productions, Inc. v. Aviles, 2011 WL 1884629, at *3 (N.D. Cal. May 28, 2011) (declining to set

6  aside default where defense was based on good faith purchase because § 605 and § 553 are strict

7  liability statutes) and Joe Hand Promotions, Inc. v. Easterling, No. 4:08 CV 1259, 2009 WL

8  1767579, at *4-5 (finding defendant who purchased residential license had no good faith defense to

9  violating §§ 605 and 553) and J & J Sports Prods., Inc. v. Vega, No. CIV–10–635–M, 2011 WL

10  776172, at *2 (W.D. Okla. Mar.1, 2011) ("Both 47 U.S.C. §§ 553 and 605 are strict liability

11  statutes.").

12       Nguyen has alleged sufficient facts and identified a legal issue not yet resolved within this

13  Circuit that could conceivably operate as a meritorious defense to G&G's claims. Gidha, 2011 WL

14  3439205, at *3 (E.D. Cal. Aug. 4, 2011). Given the preference to have issues decided on the merits,

15  this is sufficient for Nguyen to prevail on this factor. See TCI Group Life, 244 F.3d at 700 (finding

16  a meritorious defense existed where reliance on recent precedent meant litigation of the issue

17  would "not be a wholly empty exercise").

18  **C. Prejudice**

19       Prejudice exists where G&G's "ability to pursue [its] case will be hindered." See TCI

20  Group Life, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Merely

21  being forced to litigate does not constitute prejudice. Id. ("A default judgment gives the plaintiff

22  something of a windfall by sparing her from litigating the merits of her claim because of her

23  opponent's failure to respond; vacating the default judgment merely restores the parties to an even

24  footing in the litigation"). G&G's argument that Nguyen's failure to receive and respond to her

25  mail in a timely fashion indicates that she will lose evidence in this case is unpersuasive.  Thus,

26  G&G has not shown that further delay would result in "tangible harm such as loss of evidence,

27  increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v.

28

Case No.: 5:10-CV-05722 EJD
ORDER GRANTING MOTION FOR RECONSIDERATION, GRANTING MOTION TO SET
ASIDE DEFAULT, AND DENYING MOTION FOR DEFAULT JUDGMENT

United States District Court
For the Northern District of California

1  American Home Assur. Co., 95 F. 3d 429, 433-434 (6th Cir. 1996). The court finds no prejudice to

2  G&G will result from setting aside the default.

3  **III. CONCLUSION**

4  IT IS HEREBY ORDERED that the motion for reconsideration is GRANTED. Upon

5  reconsideration, Nguyen's prior motion to set aside the default is GRANTED. The Clerk of the

6  Court is directed to VACATE the default.

7  IT IS FURTHER ORDERED that, because default is no longer entered, the pending motion

8  for default judgment is DENED as moot.

9  IT IS FURTHER ORDERED that a case management conference is scheduled for April 20,

10  2012 at 10 a.m. The parties shall submit a case management statement no later than April 13, 2012.

11  Dated: O ctej ''37.''4234

12

13  EDWARD J. DAVILA
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:10-CV-05722 EJD
ORDER GRANTING MOTION FOR RECONSIDERATION, GRANTING MOTION TO SET
ASIDE DEFAULT, AND DENYING MOTION FOR DEFAULT JUDGMENT